

ZACHARY W. CARTER
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, NY 10007

SUZANNE E. ARIBAKAN
*Senior Counsel*
Phone: (212) 356-2386
Fax: (212)356-1148
Email: saribaka@law.nyc.gov

March 16, 2018

**BY ECF**
Honorable Ramon E. Reyes, Jr.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

      Re: Guzman Diaz v. City of New York, et al.
         18-CV-551 (WFK)(RER)

Your Honor:

      I am a Senior Counsel in the Office of Zachary W. Carter, Corporation Counsel of the City of New York, and the attorney for the City of New York ("defendant"). I write to respectfully advise the Court that defendant complied with the Court's Order entered on February 14, 2018[1]. See Electronic Order entered on February 14, 2018. More specifically, on February 12, 2018, the City provided plaintiff with the names, shield numbers and proper service addresses of the individual officers involved in the arrest at issue in this litigation. Accordingly, defendant has satisfied the Court's Order to provide the afore-mentioned information before April 25, 2018.

      Additionally, the undersigned writes to advise the Court that by letter dated February 14, 2018, defendant provided to plaintiff for execution a release for his medical records. As the Court is aware, sections (a) of the February 14, 2018 Order specifically directs defendant's "no later than February 21, 2018, the City's counsel must provide to the plaintiff for execution a release pursuant to N.Y.C.P.L. Sec. 160.50 with respect to the arrest at issue in the litigation, as well as a release authorizing the disclosure of relevant medical records if the plaintiff is seeking damages for any physical or mental injury." The Court's February 14, 2018 Order further directed plaintiff to execute the releases by February 28, 2018. See February 14, 2018 Order, at Section (b). However, plaintiff has failed to do so. Instead, by letter dated February 27, 2018, plaintiff's counsel rejected defendant's "demand" to provide plaintiff's medical releases on the grounds that, *inter alia*, it is "patently improper" "exceeds the scope of

---

[1] Defendant did not provide to plaintiff for execution a release pursuant to N.Y.C.P.L. Sec. 160.50 with respect to the arrest at issue because plaintiff had already served defendant with same on or about January 31, 2018.

- 2 -

discovery allowed by FRCP Rule 26(b)(1); and is a form discovery demand in violation of Local Civil Rule 26.5."

        Thank you for your consideration herein.

                                    Respectfully submitted,

                                    /s/
                                  Suzanne E. Aribakan

cc:    Gregory P. Mouton, Esq. (via ECF)
        *Attorney for plaintiff*